UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE infringer identified as using IP address 68.101.221.150,<br><br>Defendant. | Case No.: 20-cv-00309-AJB-MDD<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE PLAINTIFF'S COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL**<br><br>(Doc. No. 5) |

Pending before the Court is an unopposed motion to seal filed by Plaintiff on March 25, 2020. (Doc. No. 5.) Plaintiff's motion requests the following documents to be filed under seal:

- Plaintiff's Unredacted Complaint (Doc. 6);
- Plaintiff's Proposed Summons; and
- Plaintiff's Return of Service.

Plaintiff contends that these documents contain Defendant's name, address, and additional factual information which directly links the Defendant to the infringement in this case. (Doc. No. 5 at 2.)

Courts have historically recognized a "general right to inspect and copy public

1

records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate compelling justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

After a careful examination of the document, the Court agrees with Plaintiff and finds that despite the generally recognized right to inspect records and documents in this country, Plaintiff has overcome this strong presumption of access by providing compelling reasons to seal. *See Nixon*, 435 U.S. at 597 & n.7; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (holding that a "compelling reasons standard applies to most [motions to seal] judicial records.") (internal quotation marks omitted). Here, the documents Plaintiff wish to seal include information regarding Defendant's identity. (Doc. No. 5 at 2.) Given the subject matter of the infringement is adult motion pictures, there are valid privacy concerns for Defendant. Accordingly, balancing the need for the public's access to information and Plaintiff's interest in keeping this information private weighs strongly in favor of sealing. Thus, the Court **GRANTS** Plaintiff's motion to seal. (Doc. No. 5). The Seal Clerk is **ORDERED** to file these documents **UNDER SEAL**. Further, Plaintiff is **ORDERED** to file redacted versions of these documents on the docket.

**IT IS SO ORDERED**.

Dated: March 30, 2020

Hon. Anthony J. Battaglia
United States District Judge

2
20-cv-00309-AJB-MDD